NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATTHEW GREGORY McLAUGHLIN, for himself and those similarly situated, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> KAMALA D. HARRIS, Attorney General, in her individual capacity; et al., <br><br> Defendants-Appellees, <br><br> and <br><br> CALIFORNIA SUPREME COURT; STATE OF CALIFORNIA, <br><br> Defendants. | No. 19-55667 <br><br> D.C. No. 8:18-cv-00546-JLS-KES <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted August 5, 2020**

Before:     SCHROEDER, HAWKINS, and LEE, Circuit Judges.

---

        *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

California attorney Matthew Gregory McLaughlin appeals pro se from the district court's order dismissing his action alleging constitutional violations arising out of his proposed ballot initiatives and California Assembly Bill 1100. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011) (failure to state a claim); *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (*Rooker-Feldman* doctrine). We affirm.

The district court properly dismissed McLaughlin's claims arising out of his proposed ballot initiatives, an unpublished state court decision, and California's Anti-SLAPP law for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because these claims are "de facto appeal[s]" of prior state court decisions and raise issues that are "inextricably intertwined" with those decisions. *See id.* at 1163-65 (discussing *Rooker-Feldman* doctrine); *see also Cooper v. Ramos*, 704 F.3d 772, 777–78 (9th Cir. 2012) (explaining that in "determin[ing] whether an action functions as a de facto appeal," this court "pay[s] close attention to the relief sought by the federal-court plaintiff" (citation and internal quotation marks omitted)).

The district court properly dismissed McLaughlin's claim challenging the constitutionality of California Assembly Bill 1100 because McLaughlin failed to allege facts sufficient to show that Assembly Bill 1100 was not rationally related to

a legitimate government interest.  *See San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1031 (9th Cir. 2004) (explaining that a neutral law of general applicability violates the First Amendment only if "the law is not rationally related to a legitimate governmental interest").

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**